UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDALL KELTON and DAVID WETHY, § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 3:13-CV-4392-B |
| § | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and AMERICAN HOMES 4 RENT PROPERTIES 2, LLC, § § § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Randall Kelton and David Wethy's Motion to Non-Suit (doc. 11). For the reasons stated below, Plaintiffs' Motion is **GRANTED**.

## I.

## BACKGROUND[1]

Plaintiffs brought this case against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and American Homes 4 Rent Properties 2, LLC ("American Homes"), for a "judicial determination of the status" of a security instrument related to a mortgage. Doc. 1-3, Pet. 1–2.

A. *Factual Background*

On July 17, 2006, Mark T. Jackson and Monica Jackson signed a Deed of Trust ("Deed of

---

[1] The Court draws its factual account from the allegations contained in Plaintiffs' Petition (doc. 13-1), as well as the attachments and documents incorporated therein by reference. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Trust") to secure a debt to purchase a property. Doc. 1-3, Pet. 4. Non-party Countrywide KB Home Loans is identified as the Lender in the Deed of Trust. *Id.* at 5. Defendant MERS is identified as the nominee for Lender and is the Beneficiary under the Deed of Trust. *Id.*

B.   *Procedural Background*

Plaintiffs filed this suit, pursuant to a "champertous"[2] agreement with Mark T. Jackson and Monica Jackson, in the State of Texas District Court, 14th Judicial District, Dallas County, on October 4, 2013. Pet. 3. Shortly thereafter, on October 31, 2013, MERS removed the case to this Court. Doc. 1. On November 7, 2013, MERS filed a motion to dismiss (doc. 4), which is still pending before the Court. Plaintiffs later filed the present Motion to Non-Suit on March 3, 2014. Doc. 11. On April 29, 2014, the Court *sua sponte* ordered dismissal of this case without prejudice with respect to Defendant American Homes.[3] Docs. 13, 14. The Court now considers Plaintiffs' Motion with respect to Defendant MERS.

## II.

## ANALYSIS

At the time Plaintiffs filed their Motion to Non-Suit, MERS had neither filed an answer nor

---

[2] A "champertous" agreement is one in which a person without interest in another's litigation undertakes to carry on the litigation at his own expense, in whole or in part, in consideration of receiving, in the event of success, a part of the proceeds of the litigation. 14 C.J.S. Champerty and Maintenance § 1 (1939). *See* Restatement of Contracts s 540(2), § 542(1) (1932)."Texas courts recognize that causes of action are property rights which can be fully assigned." *Kirby Forest Indus. v. Dobbs,* 743 S.W.2d 348 (Tex.App.—Beaumont 1987, writ denied); *Pineda v. PMI Mortgage Ins. Co.*, 843 S.W.2d 660, 675 (Tex. App. 1992) writ denied sub nom. *Pineda v. P.M.I. Mortgage Ins. Co.*, 851 S.W.2d 191 (Tex. 1993).
.

[3] The Court's dismissal was without prejudice. However, the Court warned in its order of dismissal that, if Plaintiffs fail to show cause within thirty days of the Court's order, dismissal would be with prejudice. Doc. 14.

a motion for summary judgment. Doc. 11. However, MERS had filed a motion to dismiss. Doc. 4. Some courts have "held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1)." *Plains Growers, Inc. by and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). These cases have almost invariably "involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy." *Id.* Here, MERS' motion is brought under Rule 12(b)(6) and invites the Court to consider the merits of the case. Accordingly, the Court shall construe Plaintiff's Motion as a request for voluntary dismissal under 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Voluntary dismissals should be granted freely, "but a plaintiff's request will not be allowed if the non-moving party will suffer some plain legal prejudice." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012)(internal quotation marks omitted). Courts have found plain legal prejudice when the plaintiff has moved to dismiss at a late stage of the case or sought to avoid an imminent adverse ruling. *Id.* Often a combination of factors have been present. *See Villanueva v. Wells Fargo Bank, N.A.*, No. 3:11–CV–03951—BH, 2013 WL 1148643, at *2 (N.D. Tex. Mar. 5, 2013) (citing *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010)(affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the

other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants)); *compare John M. Crawley, L.L.C. v. Trans–Net, Inc.*, 394 Fed. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

After carefully considering the pleadings, the circumstances of the case, as well as the relevant law, the Court finds that MERS will not suffer plain legal prejudice from granting Plaintiffs' Motion. First, it has only been six months since this case was removed, and there is no indication that the parties have exerted significant time and effort in this matter. Though MERS has filed its own motion to dismiss, which was pending for four months at the time Plaintiffs requested a non-

suit, no recommendation or decision has been rendered thereon. *See Villanueva*, 2013 WL 1148643, at *2 (noting no plain legal prejudice where defendant's dispositive motion had been pending for three months at the time plaintiff filed its dismissal and no recommendation had been made). Further, MERS has failed to explain how an adverse judgment against Plaintiffs is "imminent." Though the Court takes seriously MERS' concern that granting Plaintiffs' motion permits them to re-file, which would cause MERS to start its defense "all over again," this argument is ultimately without merit. "It is well-settled that the mere prospect of a second lawsuit does not suffice as plain legal prejudice." *Villanueva v. Wells Fargo Bank, N.A.*, 2013 WL 1148643, at *3 (citing *Hyde v. Hoffman-LaRoche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). Similarly, the fact that Plaintiffs have "barely participated" in this case is not enough to deny their Motion. Def.'s Resp. 2.

Because MERS has failed to show it would suffer serious legal detriment, such as the deprivation of an otherwise viable defense, the Court simply cannot find plain legal prejudice. Accordingly, Plaintiffs' Motion is **GRANTED**.

## IV.
## CONCLUSION

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: April 29, 2014**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE